UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL FIELDS,

                  Plaintiff,              Civil Action No. 15-12319
                                           Honorable Nancy G. Edmunds
        v.                    Magistrate Judge David R. Grand

CITY OF DETROIT POLICE OFFICER
JESSICA JOHNS, and CITY OF DETROIT
POLICE OFFICER DARRELL LIGHTFOOT,

                  Defendants.

_____/

### <u>REPORT AND RECOMMENDATION TO DENY</u>
### <u>DEFENDANTS' MOTION TO DISMISS [28]</u>

Before the Court is a motion to dismiss filed by defendants Jessica Johns and Darrell

Lightfoot. [28]. The basis of the motion is that plaintiff Darnell Fields failed to produce

discovery requested by defendants even after being ordered to do so by the Court. [*Id.*]. Fields

was to produce the discovery by Friday, January 15, 2016. [27]. He failed to do so, and, on

January 21, 2016, defendants filed the instant motion to dismiss. Defendants agree, however,

that four hours after they filed the instant motion, they received discovery responses from Fields.

[32 at 1]. They assert, however, that the discovery responses, though signed by Fields, were not

signed under penalty of perjury. [32]. They also assert that Fields' counsel had not affixed his

signature to Fields' objections to the discovery. [*Id.*]. Fields contends that he has since provided

most, if not all of these signatures. [33].

On March 23, 2016, the Court conducted a telephonic call with the parties' counsel

during which it was noted that Fields is scheduled to sit for a deposition in this action within the

next day. Counsel also agreed that the issues raised in defendants' motion to dismiss would be

resolved by: (1) Fields providing any missing signatures (both his and his counsel's) to defendants by close of business on Friday, March 25, 2016; (2) Fields' agreement that he may not use any documents in this action that he could have, but failed to produce in response to defendants' discovery requests; and (3) Fields' agreement that if defendants' receipt of additional documents obtained from third-parties requires additional deposition time with Fields, he will not oppose such request, provided it is for a reasonable period of time.

In light of the foregoing, **IT IS RECOMMENDED** that defendants' motion to dismiss [28] be **DENIED**.  However, Fields is expressly warned that his failure to comply with any future discovery obligations or orders of the Court could result in the imposition of a sanction, including the dismissal of his action.


Dated: March 24, 2016                         s/David R. Grand
Ann Arbor, Michigan                           DAVID R. GRAND
                                              United States Magistrate Judge


## <u>NOTICE REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 24, 2016.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager